NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
YACUB AYUB,                             :
                                        :
              Petitioner,               :         Civ. No. 04-3636 (GEB)
                                        :
          v.                            :
                                        :
UNITED STATES OF AMERICA,               :         **MEMORANDUM OPINION**
                                        :
              Respondent.               :
_____ :

**BROWN, District Judge**

This matter comes before the Court upon the motion of *pro se* Petitioner, Yacub Ayub

("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  For the

reasons set forth in this Memorandum Opinion, this Court will deny the petition based on the parties'

submissions and without oral argument pursuant to Federal Rules of Civil Procedure 78.


**I.      BACKGROUND**

On February 5, 2003, Petitioner plead guilty to a one-count Information that charged him

with mail fraud, in violation of Title 18, United States Code, Section 1341.  (Answer at ¶ 1).  A

sentencing hearing was held on June 4, 2003.  (*Id.* at ¶ 2). Following the United States Sentencing

Guidelines ["U.S.S.G."], the Court sentenced Petitioner to a term of thirty-three months

imprisonment.  (*Id.*).  Petitioner's sentence was based on an offense level of eighteen.[1]  (*Id.*).
Petitioner did not file a notice of appeal contesting this sentence.

On July 21, 2004, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate,
correct or set aside his sentence.  (Pet. at 1).  Petitioner argues that the Court improperly enhanced
his sentence on the basis of facts neither submitted to a jury nor proven beyond a reasonable doubt,
in violation of the Supreme Court's holding in *Blakely v. Washington.*  (*Id.* at 5).  On April 29, 2005,
Petitioner filed a motion requesting judicial determination of his § 2255 petition.  This Opinion
addresses both motions.

## II.     DISCUSSION

Petitioner cites *Blakely v. Washington*, 124 S. Ct. 2531 (2004), in support of his proposition
that his sentence enhancement violates his Sixth Amendment right to trial by jury, because the facts
supporting this enhancement were neither admitted by Petitioner nor found by a jury.  (Pet. at 5).
Because Petitioner was sentenced under the Federal Sentencing Guidelines, Petitioner's claim must
be analyzed under the Supreme Court's recent holding in *United States v. Booker*, 125 S.Ct. 738
(2005).

Applying *Blakely* to the Federal Sentencing Guidelines, the Supreme Court held in *Booker*
that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding

---

[1]     Prior to the hearing, the parties stipulated to an offense level of nineteen (*Id.* at ¶¶
1, 2).  At the hearing, the parties contested the application of U.S.S.G. § 3B1.3, which allows a
two-point increase based upon abuse of trust in committing the offense.  (*Id.* at ¶ 2).  After
considering counsel's argument and the Presentence Report, the Court awarded the two-point
increase based on U.S.S.G. § 3B1.3 and reduced Petitioner's offense level by three points for
early acceptance of responsibility.  (*Id.*).

the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. The Third Circuit recently held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued." *Lloyd v. United States*, 407 F.3d 608, 616 (3d. Cir. 2005).

In the present case, Petitioner did not file a Notice of Appeal within ten days of his sentencing. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring defendant to file a Notice of Appeal with the district court within ten days after the entry of the criminal judgment defendant wishes to appeal). Judgment in Petitioner's criminal case was final as of the expiration of the ten-day window on June 18, 2003. *See Kapral v. United States*, 166 F.3d 565, 577 (3d. Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final . . . on the date on which the time for filing such an appeal expired."). Final judgment of Petitioner's criminal conviction and sentencing was prior to the issuance of *Booker*. Therefore, *Booker* does not apply and Petitioner's argument must fail.

## III.   CONCLUSION

Accordingly, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied.


Date:   July 7, 2005                              _____s/ Garrett E. Brown_____
                                                 GARRETT E. BROWN, JR., U.S.D.J.